UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
DEITH BRIDGEMAN,

        Petitioner,         MEMORANDUM AND ORDER
                                04 CV 2802 (ILG)

  -against-

UNITED STATES OF AMERICA,

        Respondent.
-----------------------------------------------x
GLASSER, United States District Judge:

On December 7, 2001, the petitioner pleaded guilty, pursuant to a cooperation agreement, to a seven count superseding information which charged him with six bank robberies in violation of 18 U.S.C. § § 2113(a), (d), and with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). In the course of his plea allocution, he was placed under oath and advised that everything he was going to say to the Court should be truthful if he did not want to commit the crime of perjury. In addition to being advised of the sentences that could be imposed on each count, he was also advised that he would be required to make restitution in the sum of $349,295, which was also plainly reflected in his agreement, and he acknowledged that he understood that consequence of his plea. In that regard, the following colloquy is reflected in the transcript of the proceeding at which he pleaded guilty:

> THE COURT: And you are entering that plea in consideration of an agreement that you entered into with the government?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you go over that agreement with your lawyer?
>
> THE DEFENDANT: Yes, I did.

>
> THE COURT: And would you like me to go over it with you as well?
>
> THE DEFENDANT: No, it's clear.
>
> * * *
>
> THE COURT: You say you have gone through this agreement fully with Mr. Chinquee?
>
> THE DEFENDANT: Yes, we went through it and I also went through it with the government and I have a pretty good understanding of everything.
>
> THE COURT: Do you recognize any signature on this page? (Shown to defendant).
>
> THE DEFENDANT: Yes, this is my signature right here.
>
> THE COURT: And you understand that when you signed that, you were certifying that you discussed this agreement with your lawyer, that you understood all of its terms?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You entered into that agreement knowingly and voluntarily. There are no other agreements or promises made to you by the government or any agreements between you and the government except what is contained in this paper. Do you understand that?
>
> THE DEFENDANT: Yes.

Tr. at 15-17.

The petitioner was sentenced on September 18, 2003. The then applicable United States Sentencing Guideline (U.S.S.G.) placed him in a Criminal History Category of II and based on a total offense level of 31, he faced a sentence within the

range of 205-234 months.  The government made a motion pursuant to U.S.S.G. § 5K1.1 which the court granted and imposed a sentence of 58 months to be followed by five years of supervised release, a mandatory special assessment of $700 and restitution in the sum of $327,395.

The petitioner subsequently filed this motion pursuant to 28 U.S.C. § 2255 bottomed upon his claim that his counsel did not file a notice of appeal.  He alleges that on or about September 22, 2004, he left a phone message with counsel and implies that a request to file a notice of appeal was imbedded in that message.  Specifically he alleges:

> The Defendant "Deith Bridgeman" was sentenced on Sept. 18,2004.  Shortly after being sentenced the defendant placed a call to the office of Michael Hamden from his counselor's office (J. Mielos) within the institution he is currently being detained.  The call was placed Sept. 22, 2004 to number (954) 557-8058 giving Mr. Hamden enough time to file a notice of appeal with-in the 10 day period by request of his client Deith Bridgeman.

Govt. Memo at 5-6.

The relief he seeks is indicated only by the words "Request of Relief from Restitution" written immediately adjacent to the caption and immediately below it: "28 U.S.C. § 2255 Motion for Ineffective Assistance of Counsel and Relief of Restitution as Deemed Appropriate."  In the five handwritten pages of his petition there isn't the slightest suggestion of what would be presented on appeal in that regard but instead, an elaboration of counsel's failure to file a notice of appeal despite an alleged request that he file one.

Discussion

Twenty one years ago, the Supreme Court determined that to prevail on a claim of ineffective assistance of counsel, the claimant must establish that (1) counsel's representation fell below an objective standard of reasonableness and that the claimant was prejudiced by that alleged ineffectiveness, that is to say, that but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different.  Strickland v. Washington, 466 U.S. 668, 694 (1984).  Because the making of such a charge is "just too facile a tactic to be allowed to succeed" Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991) (Posner, J.); Siciliano v. Vose, 834 F.2d 29 (1st Cir. 1987) (Breyer, J.), and the investment of judicial resources such facile tactic entails, courts are taught to indulge a strong presumption that counsel rendered reasonable professional assistance and be highly deferential in scrutinizing counsel's performance.  Strickland at 466 U.S. 689.

The teaching of Strickland is applicable to claims like the petitioner's that counsel was constitutionally ineffective for failing to file a notice of appeal.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  The inquiry regarding counsel's performance must be whether counsel's performance "was reasonable considering all the circumstances."  Strickland, 466 U.S. at 688; Flores-Ortega, 528 U.S. at 478.  Among the circumstances to be considered is whether "a rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal) . . . . Although not determinative, a highly relevant factor in this inquiry will be whether a conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues

4

and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for . . . . Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal . . . ." 528 U.S. at 480.

      A consideration of the relevant factors compels the conclusion that a rational defendant would not have desired an appeal and that this motion be dismissed. First, the petitioner's conviction followed a guilty plea which, as will be shown, left no non-frivolous issues for appeal and it may be presumed, indicated his desire to put an end to judicial proceedings. The sentence the defendant received was not one specifically bargained for but was a sentence more favorable that he could reasonably have hoped for. As has been described above, receiving a sentence of 58 months in the face of a Guideline range of 205-234 months leaves no non-frivolous ground upon which to base an appeal.

      The restitution portion of his sentence which, as indicated, is believed to be the possible focus of an appeal would be a frivolous ground for appeal if asserted. To begin with, the restitution he was ordered to make, $327,395, was less than he bargained for. His agreement, which he fully understood and certified that he read, discussed with his attorney and entered into knowingly and voluntarily, reflected a mandatory restitution sum of $349,295. Nor can he claim, given his certification and responses as set out above that his plea was unknowing and involuntary.

      In addition, the restitution he was ordered to make was mandated by the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A. The prerequisites for its

5

imposition were satisfied, namely, he was convicted of a crime of violence as defined in 18 U.S.C. § 16 and there were victims of his crimes who suffered pecuniary loss.

Because the motion and records of this case conclusively show that the petitioner is entitled to no relief it is dismissed without the necessity of a hearing to avoid "the delay, the needless expenditure of judicial resources, the burden on counsel and the government and perhaps the encouragement of other prisoners to make similar baseless claims" a hearing would have entailed. United States v. Chang, 250 F.3d 79, 86 (2d Cir. 2001).

SO ORDERED.

Dated: Brooklyn, New York
November 17, 2005

S/ _____
I. Leo Glasser

Copies sent to:

Deith Bridgeman
66539-004
Box 329002
Brooklyn, NY 11232

Judith Phillips, Esq.
Assistant U.S. Attorney